# Frank A. Hopper, Appellant, *v.* The City of Pittsburg and H. I. Gourley, Controller.

*Road law—Benefits cannot be set off against damages when found separately.*

Benefits amounting to $292 having been assessed against a property for grading of a street, plaintiff appeals from the report of the viewers in not allowing him any damages, an issue being framed.    The jury find that plaintiff had suffered damages to the extent of $500.    On a rule for a mandamus execution held, that defendant was not entitled to set off and deduct the benefits from the damages; that the city's claim for the benefits is a lien, a proceeding in rem upon which it must proceed regularly upon sci. fa. while if deducted from the verdict for damages the plaintiff would be compelled to pay it as if it were a personal charge.

*Road law—Municipal improvements—Appeal from separate findings of viewers—Estoppel.*

A local municipal improvement may benefit abutting property in one way and damage it in another.

Viewers being appointed to assess damages and benefits arising from grading, paving, etc., under the Act of May 16, 1891, P. L. 65, the viewers must report the damage and benefits separately.    An appeal may be so taken as to secure an issue framed as to both questions, but there is nothing in the scope of the statute to prevent the parties, with consent of the court, from limiting the scope of the appeal to one of the questions and when the appeal is taken from failure to award damages the plaintiff is estopped from asserting that the appeal ipso facto superseded and wiped out the benefit assessment.

Argued May 7, 1897.    Appeal, No. 190, April T., 1897, by plaintiff, from decree of C. P. No. 3, Allegheny Co., Feb. Term, 1894, No. 665, awarding mandamus execution.    Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ.    Reversed.

Award of viewers assessing benefits and damages for grading, paving and curbing of Summerlea street.    Before PORTER, J.

The report of the viewers, which was presented in court and confirmed nisi, showed that Frank A. Hopper had been assessed $292.97 as benefits, and allowed no damages.    Hopper appealed from the award of viewers as to the refusal to allow damages. An issue having been framed to try this question only, the jury awarded a verdict for the plaintiff in the sum of $500.    A peti-

tion was subsequently presented for a mandamus execution and the court awarded a mandamus execution to enforce the payment of the sum of the judgment in this case, with interest, less the benefit assessment of $292.97, from which order and decree of the court, plaintiff appealed.

*Errors assigned* among others were (1), Discharging rule for mandamus execution to collect the full amount of plaintiff's judgment.   (2) In holding that the benefit assessment of $292.97, made by the viewers in this case, should be credited on the amount of the verdict on the appeal from the viewers' award.

*Marron & McGirr*, for appellant.—Relied on Dawson v. Pittsburg, 159 Pa. 318.

*T. D. Carnahan*, with him *Clarence Burleigh*, for appellee.— The defendant had the right to set off the assessment of benefits against the verdict for damages: Pittsburg v. Maxwell, 179 Pa. 553; Dawson v. Pittsburg, 159 Pa. 317; Hutchinson v. Pittsburg, 72 Pa. 320.   See also Clement v. Phila., 137 Pa. 328, and Watson v. Phila., 142 Pa. 179.

OPINION BY RICE, P. J., July 23, 1897 :

On the petition of the city, viewers were appointed to assess the damages and benefits arising from the grading, paving and curbing of Summerlea street.   The viewers assessed $292.97 as benefits, against the plaintiff's lot abutting on the street, and allowed him no damages.   Their report was confirmed nisi on October 27, 1894, and absolutely on November 28, 1894.   On November 23, 1894, the plaintiff, (quoting from his appeal) "appeals from the award and report of the viewers in above case in not allowing him any damages, and asks for a jury trial to determine his damages."

In his affidavit filed therewith he swears that he " believes injustice has been done him by said viewers in not awarding him damages as claimed by him before them, and because otherwise he will be compelled to pay money that is not justly due."   The court ordered the appeal to be filed, and awarded a jury trial " to determine appellant's damages, if any," and directed an

issue in which he should be plaintiff and the city defendant. He subsequently filed a statement in which he alleged : " Said change of grade has made the use of plaintiff's premises very inconvenient, and has damaged same over and above all benefits received from said improvement "—the change of grade is the only improvement referred to in the statement—" of said street in the sum of three thousand dollars." To this the city (quoting from the plea), "pleads not guilty, and denies that plaintiff's damages exceed the benefits, and denies that the plaintiff is entitled to damages, and denies plaintiff's allegations as to his damages in his statement in this case." In her answer to the petition for mandamus the city alleges that upon the trial of the appeal the entire improvement, to wit : the grading, paving and curbing was before the jury, that the benefit assessment of $292.97 was offered in evidence without objection, and was treated as a fixed charge which could not be affected by the appeal. This allegation is sustained by a reference to the charge of the court which is here quoted : " It is admitted here, —testified to by the plaintiff, and the city has offered an award of viewers showing that for the making of this improvement the plaintiff was assessed, I believe, two hundred and ninety-two dollars and some cents.

" In ascertaining then whether or not the plaintiff is entitled to recover in this action, and to fix the amount, if he is entitled to recover, you would add that amount to the value of the property immediately before making the change. If the property was worth $5,000 before the change, then because the city charges for the making of the change $292 and some cents, it would make the total value of the lot after this was filled, to be computed as before the improvement was made, $5,292 and some cents ; or if it was worth $6,000 before the improvement, then you would add the $292 to that amount; and if immediately after the improvement was made the lot was not worth that amount, then the plaintiff would be entitled to recover the difference. You simply consider the $292 and some cents assessed as a benefit as having been assessed against him, and unless he was benefited to that amount, then he would be entitled to damages in the amount of the deficiency and if taking the property as a whole, it was worth actually less in the market because of the making of this change, grading and paving the street, then

it would only be proper that you consider that he has been assessed $292 for the making of it, and you would add that on in determining the amount that he ought to be allowed if his property has been damaged." Under these instructions the trial resulted in a verdict in the plaintiff's favor for the sum of $500, upon which judgment was entered.

Upon the plaintiff's petition the court granted a rule on the city, the city treasurer and the city controller, to show cause why a writ in the nature of a mandamus execution should not be issued for the collection of this judgment. The city controller filed an answer setting up the facts above stated, and averring his willingness to sign and deliver a warrant for the payment of the judgment with interest and costs, less the amount of the benefit assessment with interest and costs, but submitting that in view of the circumstances the city ought not to be required to pay the full amount of the judgment regardless of the benefit assessment, which is against the same property, in the same proceeding and for the same improvement. After argument the court made the following order: " The rule for a mandamus execution to enforce the payment of the $500 judgment in this case is discharged and the mandamus refused, but a mandamus execution is awarded to enforce the payment of the sum of the judgment in this case with interest less the benefit assessment of $292.97." From this order the plaintiff appealed to this court, and on the argument of the appeal it was admitted, that, after the plaintiff appealed from the report of the viewers, the city solicitor caused a lien to be entered for the benefit assessment and issued a sci. fa. thereon, which was pending at the time of the trial, and is still pending.

A local municipal improvement may benefit abutting property in one way and damage it in another. For example, the property in question may have been benefited by the paving and curbing and damaged by the change of grade. Prior to the act of May 16, 1891 the viewers reported the amount of the damages over the benefits or the benefits over the damages as a single sum, but under that act it is their duty to report the damages and benefits separately. As explained in a recent decision of the Supreme Court " the net result is the same. The only effect of the change is to give the court primarily and the parties finally more information as to the steps by which the result

was reached, and better opportunity to have it examined and reviewed." Whether or not the statute authorizes an appeal from part only of the award is left an open question: Dawson v. Pittsburg, 159 Pa. 317. We agree, however, with the appellant's counsel that it is not necessary for the landowner to take two appeals in order to have a jury trial both as to the damages as well as the benefits. An appeal from the award generally would entitle him to have an issue so framed as to include both questions.

But there is nothing in the statute to prevent the parties, with the consent of the court, from limiting the scope of the appeal to one of the questions, leaving the other assessment to stand as the viewers made it. And where a fair construction of the record shows that the appeal was taken from the award of, or refusal to award, damages only and (both parties acquiescing) the case was tried and judgment entered on the theory that only that part of the award was appealed from he ought to be estopped from asserting afterwards that the appeal ipso facto superseded and wiped out the benefit assessment. To hold otherwise in the present case would work manifest injustice, for nothing can be plainer than that the plaintiff got a verdict for $292.97 more than he would have received if the court and jury had gone upon the theory that the benefit assessment was affected by the appeal. This can be seen by an examination of the charge of the court which in this respect was substantially the same as the charge in the Dawson case.

It is said, the charge of the court did not make the issue being tried. True, but the theory upon which the case was tried and submitted to the jury was entirely consistent with the theory of the plaintiff as that is disclosed by the terms of the appeal which he put upon the record. In other words, the conclusion that the benefit assessment was not appealed from, and was not disturbed, involves no contradiction of the record.

But does it follow that the court was authorized to set off against the judgment for damages the amount of the benefit assessment? We think not. Looking at the case from the point of view most favorable to the defendant the plaintiff has a final judgment for his damages entered on the verdict of a jury, unappealed from and ripe for execution. On the other hand the city has an assessment for benefits against his property

upon which it has entered a lien, and is proceeding in the mode prescribed by the statute to put the same into judgment. What defense he may have to the sci. fa. thereon, aside from that already mentioned, we know not, but we are unable to say that he can have none other. Furthermore, when the lien for the assessment is put into judgment, if it reaches that stage, it can be collected out of the property only, whereas if the present order is allowed to stand the plaintiff will be compelled to pay it as if it were a personal charge. The question before us is not whether he can escape payment of the benefit assessment, but whether it can be enforced in this way. Conceding its validity, still the plaintiff has a right to take the position that it can only be collected out of the property, and in the statutory proceeding, which, as we have seen, the city has instituted.

The order discharging the rule to show cause is reversed, the rule is reinstated and a procedendo is awarded.