# First National Bank of New Jersey, Appellant, *v.* Cattie Bros.

*Appeals—Assignment of error—More than one distinct question —Statement of question involved.*

1. Under Rule 22, an assignment of error which embraces more than one point, or refers to more than one bill of exceptions, or raises more than one distinct question, may be disregarded.

2. Points not expressed in nor suggested by the statement of questions involved, need not be considered.

*Appeals—New trial—Discretion—Evidence—Charge — Binding instructions.*

3. In considering whether or not the court below should have granted a new trial, the appellate court must assume all the evidence to have been properly admitted, and the charge to have been unobjectionable, and, at most, can only determine whether binding instructions should have been given for appellant.

4. Not decided, whether or not an appellant can be heard to complain because the court below did not give binding instructions in his favor, when it was not asked so to do.

5. This court will not review the action of the court below in granting or refusing a new trial, unless a palpable abuse of power appears.

6. If there is sufficient evidence on any determining issue in a case, it is the duty of the court below to submit that question to the jury, and the only remedy for a perverse verdict is by a motion for a new trial in that court.

7. In determining whether or not binding instructions should have been given in favor of appellant, all the evidence and inferences therefrom, favorable to the opposite party, must be taken as true, and all unfavorable to him, if depending solely on testimony, must be rejected.

*Negotiable instruments—Holder for value—Burden of proof— Wrongful use—Evidence.*

8. One who knowingly takes a negotiable instrument in violation of the purpose for which it was given is not a holder in due course.

9. Where defendant shows that the negotiable instrument in suit was given for one purpose but had been used for another, plaintiff has the burden of proving that he, or an innocent third party, through whom he claims, was a holder in due course.


Argued December 1, 1925.   Appeal, No. 407, Jan. T., 1925, by plaintiff, from order of C. P. No. 4, Phila. Co., Sept. T., 1924, No. 2890, refusing new trial, in case of First National Bank of New Jersey v. Cattie Brothers Corporation.   Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Affirmed.

Assumpsit on promissory note.   Before AUDENRIED, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for defendant.   Plaintiff appealed.

*Error assigned* was, inter alia, order refusing new trial, quoting record.

*David Bortin,* with him *Jacob Singer* and *Emanuel Furth,* for appellant.—The jury cannot capriciously disregard uncontradictory testimony, and, if it does so, the court should grant a new trial: Raby v. Cell, 85 Pa. 80.

Though a motion for a new trial is addressed to the discretion of the court, it is clear that that discretion must be used with regard to the case before it: Nat. Standard Clothes v. Golden, 77 Pa. Superior Ct. 479; Bradican v. Ry., 260 Pa. 555.

Where the uncontradicted testimony of plaintiff, even though oral, conclusively shows that plaintiff was a holder in due course, it was proper to direct a verdict, and not permit the jury to indulge in fancies: Second Nat. Bank v. Hoffman, 229 Pa. 429; Second Nat. Bank v. Hoffman, 233 Pa. 390.

*J. W. McWilliams,* with him *Charles S. Wesley,* for appellee, cited: Second Nat. Bank v. Hoffman, 229 Pa. 429; Rothrock Stores v. Panzern, 72 Pa. Superior Ct. 349; McKinley v. Wainstein, 81 Pa. Superior Ct. 596.

OPINION BY MR. JUSTICE SIMPSON, January 4, 1926:

In its statement of the question involved in this case, the only point plaintiff asks us to determine, is whether "a new trial [should] be granted if the jury unreasonably disregards the evidence and finds for the defendant." In its assignment of error raising this question, it sets forth eight reasons why this should have been granted by the court below. Four of these are the usual general ones; three relate to matters of evidence, in two of which exceptions were taken; and one relates to the

refusal of a point for charge, to which also an exception was taken. These several matters cannot be considered separately, because, under Rule 22 "Each error relied on must be specified particularly and by itself. If a specification embraces more than one point, or refers to more than one bill of exceptions, or raises more than one distinct question, it may be disregarded." We come, therefore, to the "one distinct question" here: Did the court below err in not granting a new trial? In considering this, we must assume all the evidence to have been properly admitted, and the charge to have been unobjectionable, especially as the assignment would otherwise "raise more than [that] one distinct question."

In determining the single matter thus left open, appellant faces several difficulties. It is not within our province to review the action of the court below in granting or refusing a new trial, "unless a palpable abuse of power appears": Class & Nachod Brewing Co. v. Giacobello, 277 Pa. 530. If there was sufficient evidence on any determining issue in the case, it was the duty of the court below to submit that question to the jury, and the only remedy for a perverse verdict is by a motion for a new trial in that court: Hewitt v. Democratic Publishing Co., 260 Pa. 59; Maloy v. Rosenbaum Co., 260 Pa. 466. The result is that, unless binding instructions should have been given in favor of appellant, the matt r is beyond our control; and here further trouble arises, for the court below was not asked to give binding instructions, and it is, at least, a grave question whether or not this leaves open the right to complain because they were not given. Without deciding that point, however, we propose to review the case; and, in so doing, must, of course, follow the rule that "In determining whether or not binding instructions should have been given by the court below, all the evidence and inferences therefrom, favorable to the opposite party, must be taken as true, and all unfavorable to him, if depending solely upon testimony, must be rejected":

Fuller v. Stewart Coal Co., 268 Pa. 328; Scheer v. Melville, 279 Pa. 401; Fluke v. Lang, 283 Pa. 54. In this aspect the relevant facts will be stated.

The action is by the holder against the maker of a promissory note, which had been handed to the payee, for the purpose of having it discounted and thus raising money to pay for certain bolts and nuts which had been purchased from the United States Government, and in which the maker was to have an interest. Hence, as the payee did not use it for that purpose, appellant admits it had "the burden of proof to show that it was a holder ......in due course," and so the statute provides, except where there is an intermediate innocent holder, which there was not here: sections 55 and 59, Negotiable Instruments Law of May 16, 1901, P. L. 194, 202; Putnam v. Ensign Oil Co., 272 Pa. 301. All the evidence, by which appellant attempted to carry that burden, was oral, and the jury refused to believe it; hence, on the authorities quoted, it cannot be considered by us, and the appeal fails: see also Second National Bank of Pittsburgh v. Hoffman, 229 Pa. 429; Harlow & Co. v. Borough of Homestead, 194 Pa. 57; Hagan Lumber Co. v. Duryea School District, 277 Pa. 345.

Appellee's case does not depend even on this, however. There was evidence (apparently not very strong, but which the jury believed) that when the note was taken by the payee to the plaintiff bank, its vice-president, who was in charge of such matters, was told why the note had been given, and was asked to discount it and pay the cash on it, in order that the money might be used to purchase the bolts and nuts. Instead of doing this, he kept the note, in order, as he said, to look up defendant's financial standing, and later applied it on an antecedent obligation of the payee, only a part of which was then due. Under such circumstances, the bank was not a holder in due course, since it knew that the use thus made of the note was a wrongful one, so far as concerns this defendant (section 52, Negotiable In-

struments Law, May 16, 1901, P. L. 194, 202), and hence it makes no difference that section 25 of the same statute provides that "An antecedent or preëxisting debt constitutes value."

The other assignments of error (which simply repeat, under separate individual numbers, the several reasons for a new trial, except the one which states that "the verdict was against the law") need not be reviewed, since they are not expressed in nor suggested by the statement of the question involved (Collingdale Boro. v. Phila. Rapid Transit Co., 274 Pa. 124; Roberts v. Cauffiel, 283 Pa. 64); nevertheless, we have considered them and find nothing therein to convict the court below of reversible error.

The judgment of the court below is affirmed.