Murray *v.* Clairton City, Appellant.

Argued March 30, 1937. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Charles A. Lewis,* for appellant.

*David S. Palkovitz,* with him *Benjamin L. Steinberg,* for appellee.

OPINION BY MR. JUSTICE LINN, April 19, 1937:

Our review of this record is restricted to the particular issue tried and by what is said in the briefs.

Pursuant to an ordinance of the City of Clairton, a city of the third class, providing for "the grading, draining, curbing, paving and other work incidental thereto necessary for the improvement of Walnut Avenue," etc., certain improvements were made in the street. An assessment for $1,121.78, on the foot front rule, for paving was made and filed by the city against plaintiff's property. The obligation to pay that is admitted.[1]

On plaintiff's petition viewers were appointed to assess the damages caused by the change of grade in front of his land; from their report both he and the city appealed. The appeal was tried and resulted in a verdict and judgment for plaintiff in the sum of $3,000 from which this appeal was taken by the city.

The assignments of error are drawn in such complete disregard of the law and of our rules[2] that we could

---

[1] In plaintiff's brief it is said that "The benefit by reason of the paving has been fixed and was not controverted by the Plaintiff, and the question at the trial of this case [now under review] was as to damages caused by the change of grade only."

[2] The first assignment is to the refusal to enter a nonsuit; it has long been settled that the refusal of such a motion is not assign-

properly dispose of the appeal in very few words. Only one assignment is properly made, the fourth, complaining that defendant's motion for judgment n. o. v. was refused. As the evidence put in by defendant showed that some damage resulted from the change of grade, the learned trial judge could not instruct the jury to disregard that evidence; nor could the court, in passing on the motion for judgment, disregard it. In considering the evidence the jury had the benefit of a view of the premises. The fourth assignment must be overruled on the city's own showing. Notwithstanding the defective assignments we have considered the record on the theory on which the case was tried and in the light of the arguments presented by counsel and find no reversible error.

At the oral argument it was suggested by counsel for the city that the law made no provision for the liquidation of the record debts due by each of the parties to the other if this judgment were affirmed. There should be no difficulty about it; the court has control of the execution. If the city proceeds first on its assessment lien the property owner may set up his judgment, and have the lien satisfied of record on his giving credit on his judgment for the amount; if the property owner proceeds first the city, in showing cause why mandamus execution should not issue against it for the amount of the judgment obtained in this suit, may set off the amount owing to it on the paving assessment: compare *Hopper v. Pittsburgh*, 5 Pa. Superior Ct. 41, 46.

Judgment affirmed.

---

able: *Northern Tr. Co. v. Huber*, 274 Pa. 329, 118 A. 217; the second contains two independent complaints and violates rule 22: *1st Nat. Bank v. Cattie Bros.*, 285 Pa. 202, 131 A. 731; the third is to the refusal to grant a new trial, but there is nothing to show abuse of discretion, which is the test: *1st Nat. Bank v. Cattie Bros.*, 285 Pa. 202, 131 A. 731; the fifth, sixth, seventh, eighth, ninth and tenth violate rule 25.