## Dupont, Appellant, *v.* Gallagher.

Argued September 30, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*J. Thomas Hoffman,* with him *Samuel J. Feigus* and *David S. Palkovitz,* for appellant.

*I. Burdette Coldren,* with him *Jos. W. Ray, Jr.,* and *Ray, Coldren & Buck,* for appellee.

OPINION BY MR. CHIEF JUSTICE MAXEY, November 8, 1948:

This is an action in trespass brought by Susietta Elizabeth DuPont to recover for injuries sustained by her while a passenger in an automobile owned and operated by defendant. At 6 P.M. on March 16, 1945 plaintiff was riding with defendant east on U. S. Route 40. Just after leaving Uniontown and while descending Gray's Hill defendant's car collided with another car. This second car had pulled out from a gasoline station at the foot of the hill onto the highway in front of defendant's car. Defendant applied his brakes but was unable to stop. It was shown that the road was wet at the time of the accident and also that defendant's brakes had been in need of repair for several months.

Defendant turned to the right to avoid the impact, but struck the right rear of the second car with the left front wheel and fender of his car, causing slight damage. As a result of this accident, plaintiff suffered a broken bone in the foot. After trial the jury rendered a verdict in favor of the defendant. Plaintiff moved for a new trial. It was refused. This appeal followed.

Appellant contends that the verdict was against the evidence. This Court has repeatedly said that the granting or refusal of a new trial rests in the discretion of the trial judge, and it is only where that discretion has been palpably abused that an appeal can be taken: See *Class & Nachod Brewing Co. v. Giacobello*, 277 Pa. 530, 121 A. 333; *First Nat'l Bank of N. J. v. Cattie Bros.*, 285 Pa. 202, 131 A. 731; *Danboro and Plumsteadville Turnpike Road Commission v. Bucks County*, 258 Pa. 391, 102 A. 171. In *Koch v. Imhof et al.*, 315 Pa. 145, 172 A. 672, which was a case of trespass for personal injuries, the assignment of error being that the verdict was against the weight of the evidence, the Court said: "This implies that there was some evidence from which the jury could have found that appellant was negligent, and hence was liable to plaintiffs. This being so, the controversy is at an end, so far as we are concerned. Ordinarily we are are not interested in, nor will we consider the weight of the evidence on the one side or the other, as shown by the record of a trial in the court below; that was a subject for the jury primarily, for the court below secondarily, and, in the absence of a clear abuse of discretion, is not, on appeal, a matter for review by the Supreme Court." See also *Yago v. Pipicelli*, 343 Pa. 222, 22 A. 2d. 699.

It was plaintiff's contention that the proximate cause of the accident was defendant's negligence in not watching the road more carefully and in having defective brakes on his car. It was the defendant's contention that the proximate cause of the accident was the sudden pulling out of the other car, without warning of any

kind, on a wet road. These respective contentions made a clear cut issue for the jury and it was submitted to the jury under proper instructions.

Complaint is made of that portion of the charge of the trial judge which states: "A passenger is chargeable with the driver's negligence insofar as he concurs therein and a failure to protest against reckless driving amounts to concurrence." In the instant case, at the conclusion of the charge to the jury, the trial judge specifically asked: "Does counsel on either side have any suggestions or requests for any further instructions?" to which counsel for appellant replied: "None, your Honor."

As to the foregoing complaint two things are to be said: first, there is no proof of such reckless driving on the part of the defendant as to require his guest passenger to protest against it. Passengers in a car are not expected to criticize a chauffeur's driving unless his recklessness is palpable and flagrant. Huddy in Automobile Law, Volume 5-6, section 140 says: "A guest is not bound to act except in case of a danger actually known to him, or so obvious that he is presumed to know it; and not then if the driver is aware of the same and striving to avoid it; for to do so might tend to increase the danger." This Court said in an opinion by Justice FRAZER in *Azinger v. Pa. R. R. Co.,* 262 Pa. 242, 250, 105 A. 87: "The tendency of our decisions is to hold a passenger responsible for his actual negligence in joining with the driver in testing a danger he knows exists, and not for the result of mere inaction in failing to discover dangers of which he is ignorant, but might have discovered had he been giving attention to the roadway ahead of him." In *Schlosstein et ux v. Bernstein,* 293 Pa. 245, 142 A. 324, this Court said in an opinion by Justice WALLING: "In general, a passenger will not be held guilty of negligence, as matter of law, for failing to discover perils or to interfere with the driver and this is especially true of one sitting in the back seat . . . where silence with regard to the driving is

generally golden." Second, at the close of the charge no complaint was made in respect to any lack of instructions as to the passenger's failure to protest. This Court said in *Broomall v. Penna. R. R. Co.*, 296 Pa. 132, 145 A. 703: "The law is well settled that where a litigant fails to avail himself of an opportunity offered by the trial judge to suggest inaccuracies in its charge, he cannot complain thereafter, if there was a failure to correct the language employed." Neither did the appellant argue this point on his motion for a new trial. He raised this question for the first time in his appeal to this Court.

The third assignment of error relates to the instruction of the court in regard to pain and suffering, the court stating: "Physical or mental pain or suffering is not capable of being measured exactly by any equivalent in money. Pain and suffering have no monetary value and are not to be compensated by a sum of money that might be regarded as a pecuniary equivalent, but are to be considered as items for which a reasonable allowance may be made by the jury on the exercise of their good judgment and sense, taking into consideration all the facts and circumstances of the case." The jury in bringing in a verdict for the defendant found that there was no negligence on his part. Since that was the jury's finding there was no occasion for the jury to consider the question of damages and instructions on damages became merely of academic interest.

The fourth assignment of error is based on the following: after the plaintiff offered in evidence X-ray pictures showing the extent of her injuries the defendant offered in evidence corresponding pictures taken a long time after the appellant's fractured bone had knitted When the court permitted the jury to carry the latter pictures with them into the jury room, the legal purpose thus served was explained. In view of the fact that the jury found there was no negligence on the part of the defendant, these pictures were without effect.

The judgment is affirmed.