Fitsko, Admrx., Appellant, *v.* Gaughenbaugh.

Argued September 28, 1949. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Norman S. Faulk,* with him *Charles McC. Barrickman* and *Buchanan, Wallover & Barrickman,* for appellant.

*Leonard L. Ewing,* with him *Robert L. Orr* and *Reed, Ewing & Ray,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, November 14, 1949:

This is an action under the Wrongful Death and Survival Acts instituted by Mary Fitsko, appellant, in her own right and as administratrix of the estate of her husband, George Fitsko, who died from injuries sustained when he was struck by a car operated by Melvin A. Gaughenbaugh, appellee.

The accident occurred at about 10:00 P.M., daylight saving time, on June 7, 1947, at the intersection of Duss Avenue and Fifth Street in the Borough of Ambridge, Beaver County, Pennsylvania. The cartway of Duss Avenue is fifty feet wide at the intersection and runs

north and south. Fifth Street is twenty-five feet wide from curb to curb and runs east and west. Appellee was operating his automobile on his own right-hand side of Duss Avenue, traveling north at a lawful rate of speed, not in excess of twenty to twenty-five miles per hour. The headlights of the automobile were burning and illuminated the cartway ahead for a distance of two hundred feet. There were no other vehicles in the cartway of Duss Avenue to obstruct the view of appellee or that of the deceased and the traffic light was green in appellee's favor. Deceased was struck by the center of the front of appellee's car when it reached a point about half-way across the intersection, and as a result sustained serious injuries which brought about his death in a hospital nine days later.

Upon submission of the case to a jury, a verdict was returned for defendant-appellee. Appellant moved for a new trial, which was refused, and judgment was entered for appellee. Appellant took this appeal, contending that the trial judge erred in refusing to charge that appellee was not only negligent but was guilty of reckless misconduct if he failed or was unable to see deceased in the cartway until his automobile was only ten or fifteen feet away, as he testified, and in failing to charge the jury that contributory negligence is no defense where the injury is wilfully inflicted or caused by reckless or wanton misconduct.

There is no claim by appellant that the appellee intentionally ran into the deceased, and no evidence to justify such a finding or finding that deceased was injured as a result of wanton misconduct on the part of the appellee. Reckless misconduct differs from negligence, however gross, in several important particulars. As stated in *Kasanovich v. George,* 348 Pa. 199, 203, 34 A. 2d 523, "Negligence consists of inattention or inadvertence, whereas wantonness exists where the danger to the plaintiff, though realized, is so recklessly disre-

garded that, even though there be no actual intent, there is at least a willingness to inflict injury. a conscious indifference to the perpetration of the wrong." See also Restatement, Torts, section 500, comment g. The only testimony as to the manner in which the accident occurred is that of the appellee, who testified that he was keeping a careful watch ahead for traffic and pedestrians as he approached the intersection, and that "there wasn't a thing there." He saw no one until he had reached a point ten to fifteen feet from the intersection when he noticed a "bulky object" in the cartway, "moving fast", and "cutting across" in front of his vehicle, in the direction of the northeast corner of the intersection, "so fast and so suddenly" that he "didn't have a chance to stop." Another witness, Josephine La Scala, testified that she observed the deceased stepping down from the sidewalk into the cartway in front of a vacant lot at the southwest corner of the intersection, but she admitted that she did not see the accident itself, testifying that she observed nothing from the time she saw deceased stepping into the cartway until her attention was again attracted to the intersection by the sound of the brakes of appellee's automobile, when she looked toward the intersection and saw a man lying in the street. The witness was not questioned nor did she testify as to the position of appellee's vehicle at the time she observed deceased stepping into the cartway or as to the lapse of time until the impact.

*Maselli v. Stephens*, 331 Pa. 491, 200 A. 590, and *Kasanovich v. George,* supra, are to be distinguished on their facts. In the former, the defendant admitted that he had entered upon the intersection without reducing his speed, although it was dark and his vision was restricted to a distance of thirty feet, and the evidence described in detail the movements of plaintiff from the time she entered the thirty-six foot wide cartway, establishing that she had traveled all but the last few steps

in a careful and cautious manner, in full view of approaching traffic. In the latter case, the motorman of the street-car which struck deceased had him under continuous observation for a distance of two hundred feet, but gave no warning of his approach and did not even apply his brakes until after he struck deceased.

On the present record there is no evidence whatever of deceased's movements from the time he stepped into the cartway until he appeared in the path of appellee's automobile, and the only evidence as to the manner in which the accident occurred, if believed, affirmatively establishes that appellee was not aware of deceased's presence in the cartway in time to avoid striking him. Whether appellee's failure to discover the presence of deceased in time to avoid the accident was due to a lack of due care or to a lack of opportunity because deceased suddenly ran in front of appellee's car presented an issue of fact to be determined by the jury under proper instructions which were given. Viewing the evidence in the light most favorable to appellant, there was no occasion to instruct the jury on the subject of recklessness or wanton misconduct and the trial judge would have committed reversible error had he so charged.

Judgment affirmed.