## Forsythe v. Wohlfarth

Before Van Der Voort and Fiok, JJ.

*Leonard J. Paletta, McArdle, Harrington, Feeney & McLaughlin,* for plaintiff.

*Preston J. McDonnell,* for defendant.

FIOK, J., August 6, 1964.—Defendant has filed a motion for judgment n. o. v. subsequent to the verdict of the jury in favor of plaintiff in the amount of $10,000. In pressing the motion, defendant contends that plaintiff proved no negligence against defendant and that plaintiff's decedent was guilty of contributory negligence as a matter of law.

The action was brought to recover damages for the wrongful death of plaintiff's decedent, Charles Forsythe, age 78, as a result of an accident which occurred on March 15, 1958, at the intersection of Forbes and Oakland Avenues in the Oakland section of the City of Pittsburgh, Pa. The evidence and all reasonable inferences therefrom must be considered in the light most favorable to the verdict winner and all conflicts in the testimony must be resolved in his favor: Skoda v. West Penn Power Co., 411 Pa. 323, 191 A. 2d 822 (1963); Ischo v. Bailey, 403 Pa. 281, 169 A. 2d 38 (1961); Matkevich v. Robertson, 403 Pa. 200, 169 A. 2d 91 (1961).

The evidence so considered shows that on March 15, 1958, between the hours of 6:30 and 7 p.m., defendant, Ray Wohlfarth, was operating his automobile in a westerly direction on Forbes Avenue near its intersection with Oakland Avenue. Charles Forsythe, at or about that time, was crossing Forbes Avenue from its northerly side to the southerly side and the accident occurred in the area of the crosswalk of Forbes Avenue at its intersection with Oakland Avenue. There were no parked cars at the crosswalk area of the intersection when the accident occurred. The accident occurred at the first rail of the westbound street car tracks, and by measurement it was determined that the distance from the northerly curb on Forbes Avenue to the first rail on

the westbound street car track was 12′ 5″. The entire width of Oakland Avenue was 30′ 5″, and this distance was to the immediate left of the deceased as he was in the act of crossing. This area was well lighted and provided clear visibility to defendant for a distance in excess of 200 feet.

A witness for plaintiff, Sagone, stated that he had not seen the deceased when he stepped off the curb and that the first time he saw the deceased was when he was approximately six feet out into the crosswalk of Forbes Avenue. At that time he observed defendant about half way through the intersection. Decedent was wearing grey clothing and defendant was travelling on the right side of the road at a speed of from 10 to 15 miles per hour. In crossing Forbes Avenue, decedent was walking at a normal pace, but the witness, Sagone, was unable to determine whether decedent looked or not when he stepped off the curb. He further testified that defendant's car stopped almost immediately after the impact.

Considering the speed of defendant's automobile and the width of Oakland Avenue, the vehicle of defendant travelling at 15 miles per hour travelled a distance of 22 feet per second, or a distance of 44 feet, before it reached the middle of the intersection of Oakland and Forbes Avenues, while the deceased was walking approximately six feet from the curb into the crosswalk when he was first spotted by Sagone. Thereafter the vehicle travelled at least 15 feet to the edge of the crosswalk, or a total of at least 59 feet, during which time defendant should have had the deceased in view. Defendant was familiar with the area of the accident and also knew that many pedestrians cross the avenue at that point. Upon seeing the deceased, defendant made no attempt to swerve his car to avoid the accident.

It is fair to infer that decedent, because of his age, continued to walk the distance of approximately 12

feet. Translating the distances travelled into seconds, defendant, had he looked, should have seen the deceased for a period of 3 to 4 seconds.

The operator of a motor vehicle, at an intersection, has a higher duty or degree of care than is required in normal travel. He has the duty to look out for what is normally at intersections and to look for pedestrians who may be crossing that intersection. He must have his car under control in such a manner that he normally would be able to stop if there is any impediment to his travel: Fidelity-Philadelphia Trust Company v. Staats, 358 Pa. 344, 57 A. 8d 830 (1948). The jury could properly infer, therefore, that because of the unlimited vision afforded defendant, he could have seen the deceased some distance back from the intersection when the deceased first stepped down from the curb. This presented an issue of fact whether or not defendant used due care in the operation of his vehicle. Whether a driver's failure to discover the presence of the deceased in time to avoid the accident was due to a lack of due care, or whether, as alleged by defendant, lack of opportunity to so observe because the deceased suddenly appeared in front of the driver, presents an issue of fact to be determined by the jury under proper instructions: Fitsko v. Gaughenbaugh, 363 Pa. 132, 69 A. 2d 76 (1949). To derive the benefit of the doctrine of sudden emergency, the actor must have been placed in such an emergency as to preclude any negligence or careless conduct on his part to place himself in such a position: Chadwick v. Popadick, 399 Pa. 88, 159 A. 2d 907 (1960) ; Levine v. Mervis, 373 Pa. 99, 95 A. 2d 368 (1953). Defendant testified that he did not see decedent until the impact; however, on a question of negligence, it is immaterial that defendant only saw the deceased at or about the time of impact. The test is whether, under the circumstances, he should have seen the deceased before the impact. Ac-

cepting the defense contention of sudden emergency, the determination of this question is generally left to the jury: Fitsko v. Gaughenbaugh, supra.

Considering all the circumstances surrounding this accident and the reasonable inferences deducible therefrom, the case was properly submitted to the jury on the question of defendant's negligence.

It has often been stated that a court can declare, as a matter of law, that a certain state of facts amounts to contributory negligence on the part of a plaintiff only in cases so clear that there is no room for fair and sensible men to differ on their conclusions from the available evidence: Skoda v. West Penn Power Company, supra; Cooper v. Heintz Manufacturing Company, 385 Pa. 296, 122 A. 2d 699 (1956); Topelski v. Universal South Side Autos, Inc., 407 Pa. 339, 180 A. 2d 414 (1962). Defendant suggests that this case should have been taken from the jury because there was no evidence in plaintiff's case that the deceased did, in fact, look before entering the crosswalk at the intersection. This, of course, is not the test of contributory negligence as a matter of law. The case was submitted to the jury with instructions to determine whether or not under the circumstances the deceased was guilty of contributory negligence. The verdict of the jury resolved this question in favor of the plaintiff and this will not normally be disturbed on appeal. The issue of contributory negligence is an affirmative defense and the burden of proof rests upon defendant.

We have examined the cases relied on by defendant to show contributory negligence as a matter of law. The case of Martino v. Adourian, 360 Pa. 580, 63 A. 2d 12 (1949), holds that under the facts of that case, which is similar to the facts of this case, the question of contributory negligence should have been submitted to the jury. In that case the court below took the case away from the jury and the Supreme Court reversed

with a procedendo. The case of Simmonds v. Penn Fruit Company, 354 Pa. 154, 47 A. 2d 231 (1943), holds merely that where plaintiff's own testimony clearly establishes decedent's negligence, the case should be taken from the jury. In Basel v. Pittsburgh, 350 Pa. 545, 39 A. 2d 582 (1944), it appeared that an automobile operated by decedent approached a difficult and dangerous turn, of which he had full knowledge, at a speed too great to permit adequate control. He struck a mound of dirt and wrecked the car. The court held decedent was guilty of contributory negligence as a matter of law. This case lends no support to defendant's contention in the instant case.

We are of the opinion that the evidence and the inferences fairly deducible therefrom presented a jury question and that this question was properly submitted for its determination. The issue of negligence of the deceased as well as that of defendant was properly submitted to it. Under the circumstances, therefore, defendant's motion for judgment n. o. v. is refused.

### Order of Court

And now, August 6, 1964, upon consideration of the briefs and arguments on defendant's motion for judgment n. o. v., it is ordered and directed that the same is refused and judgment entered upon payment of verdict fee.