## Ellis et al. v. McCubbins.

## McCubbins v. Hastings

May 12, 1950

J. Ward Lehigh, Judge.

838

King & Porter, J. Walter Clements, Doolan, Helm, Stites & Wood for R. C. Ellis et al.

Woodward, Hobson & Fulton for Bernard Hastings.

Leland M. Mahan and Mahan, Davis & Mahan for W. M. McCubbins.

CHIEF JUSTICE SIMS—Reversing in Ellis et al. v. McCubbins, affirming in McCubbins v. Hastings.

These consolidated appeals grow out of an automobile accident which occurred in Louisville on May 3, 1948, involving three cars and a 1½ ton truck. The four vehicles were all traveling south on Third Street in the same through traffic lane at about the same rate of speed of 20 or 25 miles per hour. Bernard Hastings was driving the first car and behind him was W. M. McCubbins, followed by R. C. Ellis, and then came the truck of the Telephone Company. Each vehicle was from 20 to 25

feet behind the one preceding it, with the exception of the Telephone Company's truck driven by James M. Bell, which was only some 15 feet behind the Ellis car. The accident happened about 2 o'clock in the afternoon while the races were on at Churchill Downs and traffic was heavy.

Hastings was a stranger in Louisville and was not familiar with the traffic signals where Eastern Parkway runs into, but not across, Third Street. At this point the traffic light in the through lane never changes but always remains green, while the light regulating traffic turning left into the Parkway changes at regular intervals. When the light changed to red, stopping traffic turning left into the parkway, Hastings by mistake stopped his car rather suddenly on the green light in the through lane. As just said, traffic was heavy and cars on each side of the through lane prevented the drivers following the Hastings car from turning to the right or left, but McCubbins stopped his car a few feet from the Hastings car and did not hit it. Ellis' car struck the McCubbins car, rolled back and at about that time the Telephone Company's truck struck the Ellis car and pushed it into the McCubbins car. McCubbins testified he suffered injuries to the lower part of his back and sued all the drivers of the other three vehicles, as well as the Telephone Company, for personal injuries and for damages done his car.

The court gave a peremptory instruction in favor of Hastings, and the jury returned a verdict in McCubbins' favor for $6385.50 against Ellis, the Telephone Company and Bell jointly, and they appeal. McCubbins prosecutes a separate appeal from the judgment entered on the verdict directed in favor of Hastings.

Many errors are assigned for reversal: 1. Hastings should not have had a directed verdict; 2. McCubbins was guilty of contributory negligence as a matter of law; 3. no negligence was shown upon the part of Ellis or Bell; 4. erroneous instructions were given; 5. a juror did not give true and correct answers on his voir dire; 6. incautious and prejudicial remarks were made by the trial judge; 7. the damages are excessive.

It is argued that Hastings suddenly stopped his car without giving the hand signal provided in KRS 189.-

380(2) (b) and this negligence upon his part set in motion the chain of events which caused McCubbins' injury. The answer to this argument is that the section of the statute to which reference has just been made provides either for a hand signal, or that the vehicle be equipped with at least one red light on the rear which shall have on it the word "stop" and the driver who stops too abruptly, or suddenly checks his speed, shall cause the light to be illuminated and remain illuminated until the vehicle is stopped or its speed resumed.

It was testified by McCubbins that Hastings' "stoplight flashed on, on his car. Naturally, I stopped too." This was all the signal the statute required of Hastings and as he made his stop and gave this signal in such a manner that McCubbins was able to stop his car approximately 5 feet from Hastings' car, it is patent that Hastings was not negligent and the court properly directed a verdict in his behalf. Therefore, the judgment is affirmed in McCubbins v. Hastings.

McCubbins admits that he gave no hand signal of his intention to stop but says the rear of his car was equipped with "a red flasher stoplight" which came on when he applied his brakes. Ellis did not testify that McCubbins' stoplight did not come on, although he said he did not see it come on. However, he admitted he saw McCubbins coming to a stop and he (Ellis) applied his brakes and brought his car to a stop without striking McCubbins. But Bell, the driver of the truck, testified Ellis' car skidded 10 or 12 feet and left skid marks on the dry asphalt pavement and struck McCubbins' car. McCubbins stated his car received two licks, one right after the other; also, Bell testified that Ellis' car struck the McCubbins' car before his (Bell's) truck hit the Ellis car and knocked it against McCubbins. Bell further testified his truck was traveling within 20 feet of the Ellis car at about 25 miles per hour and could not be stopped within less than 50 or 60 feet, and that he saw Ellis' stoplight flash on when the Ellis car was stopping.

The evidence detailed in the preceding paragraph shows McCubbins was not contributorily negligent as a matter of law. Likewise it cannot be said as a matter of law that there was no negligence upon the part of Ellis or Bell, and they and the Telephone Company were

entitled to a directed verdict. The stoplight was working on the McCubbins car and Ellis admitted he did not see it; while according to Bell, his truck was within 20 feet of Ellis and it would take 50 or 60 feet within which to stop the truck, and Bell saw Ellis' stoplight flash on. Clearly, under this record it was for the jury to determine whether or not Ellis and Bell were negligent, since the minds of fair-minded men might differ as to whether they were negligent and as to whether their negligence was the proximate cause of the accident. 5 Am. Jur. "Automobiles" sec. 669, p. 874; Berry v. Jorris, 303 Ky. 799, 199 S. W. 2d 616.

Ellis, Bell and the Telephone Company put much reliance in Vinson v. Kissinger's Adm'r, 274 Ky. 606, 119 S. W. 2d 628 and Berry v. Jorris, 303 Ky. 799, 199 S. W. 2d 616. But the facts in those cases distinguish them from the one at bar. The front driver in the Vinson case was not in traffic but was on the open highway and there was evidence that the "stoplight" on the rear of his car was covered with mud and he gave no visible signal. In the Berry case the driver designated as "X," whose negligence caused the accident, gave no signal before making a sudden stop. While here, McCubbins' stoplight flashed on and had Ellis been keeping the proper lookout, he would have seen it in time to stop without hitting McCubbins, just as McCubbins stopped without hitting Hastings. Nor were Ellis, Bell or the Telephone Company entitled to a sudden emergency instruction. If they were faced with an emergency, it was due to their negligence, and one may not create an emergency by his own negligence and then profit therefrom. Robinson Transfer Co. v. Turner, 244 Ky. 181, 50 S. W. 2d 546; Rabold v. Gonyer, 285 Ky. 618, 148 S. W. 2d 728.

We find merit in appellants' contention that there is reversible error in the instructions. It is manifest that the same duties in driving their respective vehicles were incumbent upon McCubbins, Ellis and Bell. The court in paragraph "c" of Instruction 1 told the jury it was the duty of Ellis and of Bell to keep such distance between the vehicles each was driving and the one immediately preceding it as was reasonable under the circumstances, in the exercise of ordinary care, to avoid collision with it, having due regard for the traffic con-

ditions existing on the highway at that time and place. But in stating the duty imposed upon McCubbins, the court in the first paragraph of Instruction 2 merely told the jury McCubbins should exercise ordinary care to so operate his automobile as not to cause a collision between it and other automobiles using the highway at that time and place, and this duty included the duty of giving visible signals of his intention to stop or check the speed of his automobile by extending his hand and arm as is provided in KRS 189.380(2) (b). This instruction should have imposed upon McCubbins the same duty as was imposed upon Ellis and Bell; to-wit, to keep his car such a distance from the one preceding it as was reasonable under the circumstances, in the exercise of ordinary care, to avoid collision with it, having due regard for the traffic conditions existing on the highway at the time and place. It is true McCubbins stopped without striking the car in front of him; nevertheless, it was his duty to travel a reasonably safe distance behind the preceding car since that would have enabled him to come to a more gradual stop and have given the Ellis car behind him time to stop without hitting McCubbins.

Another error in the instructions given by the court is that he imposed the duty upon McCubbins and Ellis to give a hand signal of their intention to stop while KRS 189.380(2) (b) provides for either a signal by hand or by a red stoplight on the rear of the car which will illuminate. Ellis offered an instruction incorporating this stoplight signal but the instructions given by the court only mentioned the hand signal provided in the statute. Often in city traffic a driver can give a quicker and more efficient signal by such a red stoplight on the rear of his car than by extending his arm and hand as provided in the statute. On another trial the court will incorporate this stoplight signal in his instructions along with the hand signal in imposing the duty to signal upon McCubbins and Ellis, and say their duty was to signal by hand or by a stoplight their intention to stop. The judgment in Ellis et al. v. McCubbins is reversed.

Having reached the conclusion that the judgment must be reversed on account of the errors in the instructions, it becomes unnecessary to pass upon the

question of whether the juror answered truthfully on his voir dire, or whether the court made incautious and prejudicial remarks during the course of the trial, as these questions likely will not arise upon another trial. Likewise, it is not necessary to decide whether the damages are excessive since we do not know what the verdict will be upon another trial.

The judgment in McCubbins v. Hastings is affirmed, and the judgment in Ellis et al. v. McCubbins is reversed for proceedings consistent with this opinion.