Sara Louise Roberson Jones **KENDRICK,** as Widow of Bernard Mellie Jones, Deceased, Appellant,

v.

**PIPER AIRCRAFT CORPORATION.**

Gertrude Howard **FOWLER,** as Widow of Pelham Bryce Fowler, Deceased, Appellant,

v.

**PIPER AIRCRAFT CORPORATION.**

Nos. 12645, 12646.

United States Court of Appeals Third Circuit.

Argued Feb. 16, 1959.

Decided April 10, 1959.

---

See also 18 F.R.D. 181.

William D. Denson, New York City, for appellants.

William J. Junkerman, New York City (Joseph C. Kreder, Warren Hill, Henkelman & McMenamin, Scranton, Pa., James B. McQuillan, Haight, Gardner, Poor & Havens, New York City, on the brief), for appellee.

Before BIGGS, Chief Judge, and GOODRICH and McLAUGHLIN, Circuit Judges.

GOODRICH, Circuit Judge.

These are suits for wrongful death resulting from an airplane accident. The accident took place in Decatur, Georgia, on August 14, 1950. Suits were filed in the District Court for the Middle District of Pennsylvania on August 6, 1951. It was six years later that the cases were tried together and verdict and judgment were entered for the defendant on June 25, 1957. Motion for a new trial was denied March 10, 1958. This long time lapse between accident and judgment is highly regrettable.

These cases involve the death of three persons in an airplane manufactured by the defendant. The pilot and two passengers were killed. The suits are brought by the widows of the deceased passengers against the manufacturer of the plane.[1] The negligence alleged is improper construction. Plaintiffs claim that an aileron hinge bracket was defective and that as a result the aileron became detached in flight causing the accident. The case, when it finally came to trial, took some time. There was expert testimony for both sides on the manner of construction which we need not review here.

■ The trial judge had no difficulty with the choice of law problem. He recognized, following the rule of Klaxon Co. v. Stentor Electric Mfg. Co., 1941, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477, that this being a diversity case, the Pennsylvania choice of law rule governed. He also recognized, following the pattern of Moran v. Pittsburgh-Des Moines Steel Co., 3 Cir., 1948, 166 F.2d 908, 910, 917, 918, that the Georgia rules applied to the substantive rights and that Pennsylvania law determined, in general, how the case was to be proved, except for those matters governed by the Federal Rules of Civil Procedure. The judge gave the jury a well-constructed and understandable charge. If the parties had been content to let the presentation end with this charge we should have no trouble with the case.

The judge presented several interrogatories for the jury to answer. The first one was as follows:

"1. Was there negligence on the part of the defendant, Piper Aircraft Corporation, which was a proximate cause of the accident?"

To this interrogatory the jury brought in the answer: "No."

It is to be noted that this question is a double-barreled one. It involves answering two questions; first, was there negligence and, second, was that negligence the proximate cause of the accident.[2] If the issue of negligence had been submitted separately the point about to be discussed perhaps might not have been raised, for if there was no negligence, the case would have ended right there.

■ The judge in his charge had correctly talked the difficult causation point to the jury. One of the problems that body had to consider was whether the accident was caused by both the negligence of the pilot of the plane and the negligence of the manufacturer in producing an unsafe machine. The judge had told the jury that for the plaintiffs to recover there must have been shown negligence on the part of the defendant "and that the accident resulted in whole or in part from such negligence." The judge then considered the question of the negligence of the pilot and the manufacturer. He said, "In this connection it is possible to have more than one such [proximate] cause. If two or more negligences are existing at the time of an injury and concur in producing it, the fact that one precedes the other slightly

---

1. This same trial included actions for the wrongful death of the pilot and for property damage to the plane. The appeal here concerns only the actions for the deaths of the passengers.

2. Even the causation problem is not a single one since it involves cause in fact and a legal limitation of responsibility concept, most often called proximate cause. Prosser, Torts §§ 44, 47 (2d ed. 1955); 2 Harper and James, Torts § 20.1, § 20.4 at p. 1132 (1956); 2 Restatement, Torts § 431 (1934).

in point of time is a matter of no moment. They may still be concurring causes."

When the judge finished his charge he took up the points for charge which lawyers for each side had submitted. Nine for the plaintiffs were read and approved. Two for the defendant were read and approved. It is the defendant's point number eleven which makes the trouble here. This is what was asked for and this is what was approved:

> "11. Where several theories are advanced for the cause of an accident and one is as plausible as another and equally consistent with the factual testimony so that the verdict would necessarily be a mere question as to the real cause, no recovery can be allowed. Likewise, it is true that where an injury may be the result of one of several causes for only one of which the defendant is liable, the burden is on the plaintiffs to individuate that one as the proximate cause of the accident and to exclude other causes fairly suggested by the evidence to which it would be equally reasonable to attribute the accident."

The latter part of this paragraph, the plaintiffs say, charges recovery for a concurrent cause out of the case. We agree with that. If the pilot was negligent in operating the plane and the defendant was negligent in making a defective plane, it could well be that the combination of the negligence of each produced this catastrophe. Under such circumstances Piper would not be relieved of responsibility for the plaintiffs' losses merely because the pilot was negligent also.[3] Did not the charge, then, require the plaintiffs to "individuate" the one proximate cause of this accident and attribute it all to Piper if there was to be a recovery? We do not see how the language is susceptible of any other interpretation. It is inconsistent with what the judge had told the jury earlier about

concurrent causes contributing to an accident.

Defendant's counsel says that the words in the charge were taken directly from the opinion of Mr. Justice Stern in Foley v. Pittsburgh-Des Moines Co., 1940, 363 Pa. 1, 24-25, 68 A.2d 517, 528, a case arising from the same accident which this Court dealt with in Moran, cited above. So it is. But the words are taken out of context and with no understanding of what the learned opinion writer was explaining. Mr. Justice Stern had earlier in the opinion recognized the concurring cause point in connection with the possibility that the East Ohio Gas Company, not a defendant, might also have been involved in the design of the tank which exploded and caused the disaster. He pointed out that to the extent that this company was responsible for the design "it would not affect the liability of defendants, since plaintiff would have a cause of action against both parties if both were responsible." Id. 363 Pa. at page 17, 68 A.2d at page 525.

■ An accident can be caused by the negligence of two parties. In such a case the plaintiff may recover from either of them. This rule has been recognized over and over again in both the Pennsylvania and Georgia decisions and it is in the law generally. E. g., 2 Restatement, Torts §§ 432(2), 439 (1934); 2 Harper and James, Torts § 20.3 (1956). Chadwick v. Popadick, 1957, 390 Pa. 511, 515-516, 136 A.2d 87, 90; Brown v. Ambridge Yellow Cab Co., 1953, 374 Pa. 208, 212-213, 97 A.2d 377, 379; Kelly v. Locke, 186 Ga. 620, 198 S.E. 754, 760-761; Harrison v. League, 1956, 93 Ga. App. 718, 92 S.E.2d 595, 598-599.

■ In the first Moran opinion this Court, sitting in a diversity case, took the view that as a matter of Pennsylvania conflict of laws rules, Pennsylvania would apply its "individuating cause" doctrine since it was part of the way a case had

---

**3.** The responsibility of the defendant, Piper, for the death of the pilot would, of course, be affected by the pilot's own negligence.

to be proved. 166 F.2d at pages 917–918. Therefore, we analyzed the problem of what the Pennsylvania law on "individuating cause" was and came to the conclusion that on the facts the cause had been sufficiently "individuated" to go to a jury. The doctrine has caused considerable confusion in Pennsylvania and the cases were analyzed in a footnote on page 918 of 166 F.2d. That examination does not need to be reviewed here. It is sufficient to point out that the plaintiffs had the burden of proving that the defendant's conduct was a cause in fact of the accident. Recovery did not depend on proof that defendant's conduct was the only cause.

Of course, we cannot know for certain how much of all this the jury understood. They had received a clear charge from the judge. Then all these paragraphs were added in the way of sentences read to the jury and approved by the judge. A layman having listened to a long case, and having received a presentation of the problems from the judge's charge, is not likely to comprehend with clarity additions made in points for charge some of which are highly technical. But to the extent that any juryman remembered what was said in point number 11, as given, and what had been said earlier in the judge's charge, he must have been greatly confused.[4]

We regret having to send this case back. The litigation has dragged a long time and both plaintiffs and defendant should be free of the burden of carrying it further. But error there is and it cannot be called harmless error if the members of the jury, perhaps by legal fiction, listen to everything the judge tells them, understand it, remember it and then apply it.

█ Other points made by the plaintiffs do not require separate consideration. With regard to an attempt to modify expressed opinion by one expert with a qualification made by another called by the same side, it should be borne in mind that in this Circuit we have held that a party nowadays is not bound by the testimony of his own witness, Johnson v. Baltimore & O. R. Co., 3 Cir., 1953, 208 F.2d 633, 635.

The judgment of the district court will be reversed and the case remanded for further proceedings not inconsistent with this opinion.

---

4. Defendant makes the point that the judge's interrogatory to the jury cured any defect by asking whether defendant's conduct was "a" proximate cause of the injury. The short answer is that this is too nice a distinction to impute to a jury already confused by seemingly inconsistent statements from the judge.