## Toff *v.* Rohde, Appellant.

412

Argued June 15, 1966. Before Ervin, P. J., Wright, Watkins, Montgomery, Jacobs, Hoffman, and Spaulding, JJ.

*Stanford S. Hunn,* with him *Pearlstine, Salkin & Hardiman,* for appellant.

*Harvey S. Luterman,* with him *Rosenzweig, Krimsky & Luterman,* for appellee.

OPINION BY HOFFMAN, J., September 15, 1966:

This action arose out of a three-car chain collision on the Schuylkill Expressway, a limited access, divided highway connecting the Pennsylvania Turnpike to central Philadelphia. Shortly before 5:00 p.m. on October 20, 1961, plaintiff, Robert Toff, was proceeding in an easterly direction on the expressway. The weather was clear and the roadbed dry. Dense, homeward-bound traffic was moving at a speed variously estimated at 45 to 60 miles per hour.

The line of cars in advance of plaintiff came to a halt, and he hastily applied his brakes. Testimony is conflicting as to whether he then struck the car ahead of him, driven by witness Ruggiano, or whether he succeeded in stopping a few feet from it. In any event, defendant William Rohde, driver of the third automobile in the chain, immediately struck the rear of plaintiff's car, causing him substantial personal injury and property damage.

The trial court refused defendant's requested charges regarding plaintiff's contributory negligence, effectively removing that question from the jury's consideration. From a verdict and judgment for the plaintiff in the amount of $7500, the defendant appeals.

Under certain circumstances, an abrupt stop by a forward vehicle, which allows neither sufficient time nor sufficient distance for a vehicle in the rear to stop, may render the driver of the forward vehicle negligent or contributorily negligent. *Huey v. Blue Ridge Transportation Company,* 350 Pa. 488, 39 A. 2d 602 (1944); *Parker v. Yellow Cab Company,* 391 Pa. 566, 137 A. 2d 317 (1958).

In *Chadwick v. Popadick,* 390 Pa. 511, 136 A. 2d 87 (1957), three cars were proceeding in a line of traffic. The second passed the first and stopped suddenly a few seconds after assuming the lead position to observe some deer grazing at the side of the road. The

result was a three-car chain collision. In a suit by the driver of the second vehicle against the drivers of the first and third, the Court held a directed verdict for the driver of the lead car improper. His negligence was a question of fact for the jury. "The driver of the leading car in a procession of 3 or 4 cars is charged with the responsibility of driving in a manner which will avoid a telescopic crash in the event he should suddenly stop." Id. at 515.

A motorist in the midst of a line of rapidly moving vehicles owes an analogous duty to the car following. The realities of modern expressway travel require no less. He must proceed at a reasonably safe distance behind the vehicle ahead of him, that is, a distance which will permit him under the circumstances to avoid a sudden and abrupt stop and a telescopic collision in the rear. Cf. *Ellis v. McCubbins,* 312 Ky. 837, 229 S.W. 2d 992 (1950). If he fails to do so, and if this necessitates a sudden stop which contributes to a collision between his and a following vehicle, a jury may properly find him contributorily negligent and bar his recovery in an action against the driver of that vehicle.

It is true that there is no testimony in the instant case that plaintiff was travelling at an excessive rate of speed or that he was inattentive. Nevertheless, two witnesses stated that he was unable to stop before striking Ruggiano's automobile. Defendant testified: "I was following the regular line of traffic . . . and all at once I heard a screech and a thump at the same time, just that fast, and the car ahead of me [plaintiff's] was standing still." The driver of the lead car, Ruggiano, stated explicitly that plaintiff's automobile hit his car from the rear, prior to defendant's collision with plaintiff. "First, there was a stopping of traffic. I braked my car and came to a stop. Then I was struck from the rear. Then I heard a squealing of brakes, and then

I saw in the mirror another car trying to avoid the car that had struck me." If believed by the jury, this testimony would permit an inference that plaintiff was following Ruggiano's vehicle too closely, and that his sudden stop was due to his own antecedent negligence. *Farmer v. Nevin Bus Lines, Inc.*, 107 Pa. Superior Ct. 153, 163 A. 41 (1932).

In that event, of course, plaintiff would not be entitled to rely on the "sudden emergency" rule. " 'When the driver of an automobile claims that he has been subjected to a sudden emergency in driving on the highways, to enable him to claim the benefit of this rule, it must appear that he was not driving in a reckless or careless manner, but with due regard to the condition of the highway and the traffic. One driving carelessly cannot say he was placed in sudden peril.' " *Levine v. Mervis*, 373 Pa. 99, 102, 95 A. 2d 368, 369-70 (1953).

Plaintiff's duty may also be expressed in terms of the statutory injunction that ". . . no person shall drive any vehicle, upon a highway . . . at a speed greater than will permit him to bring the vehicle to a stop within the assured clear distance ahead." Act of April 29, 1959, P. L. 58, §1002(a), as amended, 75 P.S. §1002(a). The principle derives from the common law and requires that a driver keep his vehicle under such control that he can always stop within the distance he can clearly see. *Metro v. Long Transportation Company*, 387 Pa. 354, 127 A. 2d 716 (1956). If the plaintiff failed to do so, and if his failure caused a sudden and abrupt stop which contributed to the collision between his and the defendant's vehicle, plaintiff may properly be found contributorily negligent.

The trial court evidently believed that even if plaintiff's sudden stop was traceable to his own carelessness, it could not have contributed to the subsequent collision between his car and the defendant's behind

him. For this conclusion, the court relied on *Jeloszewski v. Sloan*, 375 Pa. 360, 100 A. 2d 480 (1953). We think that reliance misplaced.

In *Jeloszewski*, Swartz attempted to pass a line of stalled cars while travelling south on an icy, two-lane highway. He became stalled in the northbound lane where Jeloszewski, proceeding north, skidded lightly into the front of his car. After an interval variously estimated as "10 to 15 seconds" or "a minute or two," Sloan's vehicle skidded into the rear of Jeloszewski's. The Court held as a matter of law that Jeloszewski was not contributorily negligent regarding the second collision. "The blocking of the road in the pathway of the Sloan car was due to the original negligence of Swartz, and the Jeloszewski car added nothing to that blockage in any way that facilitated the happening of the ensuing accident. In short, whatever the negligence of Jeloszewski in connection with the *first* collision, it was not a contributing factor in the happening of the *second* collision . . . ." *Jeloszewski v. Sloan*, 375 Pa. 360, 364-65, 100 A. 2d 480, 482 (1953).

In the instant case, however, plaintiff's sudden stop, and not simply his "blocking of the road," is urged as the link in the causal chain that produced this collision. No significant interval of time elapsed between the events here described which would require a finding that plaintiff's negligence had come to rest. On the evidence, a jury might determine that his sudden stop, necessitated by his earlier carelessness, was a contributing factor in the collision sued upon. Such a finding would be proper if his negligence contributed in any degree, however slight, to his injury. *Crane v. Neal*, 389 Pa. 329, 132 A. 2d 675 (1957).

The trial court erred in refusing to submit the issue to the jury upon proper instructions. "[I]f there is any evidence upon the consideration of which reasonable minded individuals might disagree as to whether

or not the plaintiff was guilty of negligence which contributed to the accident, then the question of such contributory negligence is for the jury, not the court, to determine . . . ." *Heffernan v. Rosser,* 419 Pa. 550, 555, 215 A. 2d 655, 658 (1966).

Judgment reversed and new trial ordered.