## Commonwealth v. Littlefield

*William F. Morgan,* for Commonwealth.

*Joseph A. Massa, Jr.,* for appellant.

WOLFE, P. J., September 23, 1971.—This matter is before the court de novo following defendant's appeal after his conviction before the magistrate's court on a charge of violation of The Vehicle Code 1010(a), following too closely.

The factual situation is not in dispute and raises a rather novel question.

On the date in question, March 4, 1971, the defendant was following a motor vehicle on Legislative Route 426 in a southerly direction in Spring Creek Township, Warren County, approximately two miles south of the Borough of Corry. As these two vehicles proceeded southerly, a third vehicle proceeding northerly, or in the opposite direction, skidded on the ice-covered road and crashed into the lead car. Defendant, observing the accident before him, and recognizing he could not stop on the slippery highway, negotiated his vehicle to the east and off the traveled

portion of the highway, striking a tree, and thereafter drove back onto the highway, stopping southerly from the colliding vehicles.

The investigating officer testified there was no impact incurred between defendant and either vehicle involved in the collision and stated defendant's vehicle traveled 36 feet off the highway, striking the tree and acknowledged that defendant would be unable to negotiate around the colliding vehicles, one of which came to rest in the center of the road.

Defendant did not appear at his trial and the witnesses for the Commonwealth were not in great disagreement that defendant was 10 to 15 car lengths behind the lead vehicle prior to the accident, and both witnesses for the Commonwealth acknowledged that the road was extremely icy and the officer testified it was difficult to walk upon it.

The issue before the court is whether section 1010(a) applies in this case. This section provides:

"The operator of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard to the speed of such vehicle, and the traffic upon and condition of the highway."

No cases have been submitted to the court by either party that this section applies where there has been no collision between defendant's vehicle and the lead vehicle or the conduct of defendant's vehicle did not cause the collision. The court has not been able to find any cases so holding. The cases are in accord that the driver of a following vehicle is under a duty to exercise reasonable care to avoid injuries to others: Meek v. Allen, 162 Pa. Superior Ct. 495, 58 A.2d 370 (1948), and such operator must regulate his speed to prevent rear-end collisions. Toff v. Rohde, 208 Pa. Superior Ct. 411 (1966).

The cases reviewed by this court in interpreting

this section involve the issue of negligence and either a collision occurred between the following vehicle and the lead vehicle or the following vehicle, by its manner of operation caused an accident, although there was no impact: Chadwick v. Popadick, 390 Pa. 511, 136 A.2d 87 (1957); Huey v. Blue Ridge Transportation Company, 350 Pa. 488, 39 A.2d 602 (1944).

Here, we are considering a criminal offense and are obliged to strictly construe the language of the statute. Subsection (b) reveals the intent of the Legislature to some extent. This subsection specifically prohibits operators of any motor bus, motorcycle, motor omnibus, commercial motor vehicles, truck-tractor or tractor to follow another vehicle within 500 feet. There is no such limiting language in subsection (a). Section 1010(a) admonishes an operator not to follow another vehicle more closely than is reasonable and prudent but does not set out any specific distance to be maintained between the lead vehicle and the following vehicle.

The absence of a motor vehicle under the category set out in subsection (b) is pertinent. We don't think the legislature intended that an arrest could be made where defendant neither collided with the lead vehicle nor caused a collision and particularly in the facts of this case where defendant collided with an object off the highway, causing a one-car accident. Possibly, defendant is liable under section 1001 of The Vehicle Code encompassing reckless driving, but we cannot conclude that section 1010(a) applies in this case and so hold.

Therefore, the court makes the following

### ORDER

And now, September 23, 1971, the court finds defendant not guilty as charged. Exceptions noted for the Commonwealth.