## Orner v. Casey

*Bruce D. Desfor*, for plaintiffs.
*James W. Evans*, for defendant.

MORGAN, *J.*, August 19, 1974—This was an automobile accident case tried by a jury which gave a verdict for defendant. Plaintiffs have moved for a new trial.

The case arose out of a two-car collision on the South Bridge in Harrisburg on March 31, 1972, at about 1:30 p.m. Both plaintiff, Elaine M. Orner, and defendant were driving their automobiles westwardly in the passing lane with plaintiff in front. The line of cars ahead of plaintiff stopped and she applied her brakes. Defendant struck the rear of plaintiff's vehicle and was, in turn, struck in the rear by a third vehicle.

Plaintiff testified that the line of cars, including her own, had slowed gradually and that she was fully stopped when defendant, travelling at a speed of 45 miles per hour, ran into the rear of her car. Defendant testified that she was braking at the

time plaintiff's vehicle was struck and that the force of the impact was slight. The evidence was contradictory as to whether or not the line of cars ahead of plaintiff, and her own, had made a sudden stop.

Plaintiffs argue that the trial judge erred in refusing the following point for charge:

"It is negligence per se for a driver to take her eyes off the roadway ahead as the law requires unremitting vigilance at the wheel, which vigilance necessarily includes a constant viewing of what is ahead."

The point was refused because of its form and because it had been covered in the charge. This was proper.

As submitted, the point assumed as a fact a matter in controversy; namely, whether defendant had been looking at her passenger and thus did not see plaintiff in time to stop, testimony that defendant denied. If disputed facts are introduced in a point for charge, it should be hypothetical. See 38 P.L.Encyc., Trial, sec. 310, page 331.

Justice Musmanno in Kmetz v. Tochiatto, 421 Pa. 363, 219 A. 2d 588 (1966), from which the point for charge was extracted, did not say, as plaintiff here added, that "it is negligence per se for a driver to take her eyes off the roadway ahead." The implication that an operator proceed with a fixed stare to the front of his vehicle is not what Justice Musmanno intended to say and it is contrary to the common sense that a jury is directed to exercise. Every driver knows the hazards that lie to the rear and side of his vehicle for which he must be alert. The point as submitted is not sensible and that was reason enough to reject it. It may be added further, however, that as disclosed by a reading of Kmetz,

the point made by Justice Musmanno was an elaboration of the assured clear distance rule and this was fully covered by the trial judge who instructed the jury that a driver must "operate his or her vehicle at such rates of speed *and in such manner* that she can always stop it within the distance that she can clearly see. A sudden stopping of a vehicle ahead must be anticipated."

Plaintiff also argues that the court erred in refusing the point for charge which read:

"Considering all the evidence, you must find that the defendant was negligent."

The requested charge was not warranted under the evidence of the case. It does not follow that the mere happening of a rear-end collision constitutes negligence as a matter of law on the part of the operator of the rear automobile. It is a question of fact for the jury to be determined from all the evidence of the case: Cirquitella v. Callaghan, Inc., 331 Pa. 465, 467, 200 Atl. 588 (1938). This argument is dealt with along with the claim that there should have been no charge on sudden emergency. In Toff v. Rohde, 208 Pa. Superior Ct. 411, 222 A. 2d 434 (1966), it was held that an abrupt stop by a forward vehicle may allow neither sufficient time nor sufficient distance for a vehicle in the rear to stop. There was evidence in the record that defendant was not travelling at an excessive rate of speed, had her car under control and was otherwise vigilant to what was happening. Whether defendant exercised the proper degree of care under the circumstances or was driving in such a manner as to deprive her of the sudden emergency rule were jury questions.

Plaintiff also complains that there should have been no instruction in contributory negligence.

With this, we cannot agree. The testimony of plaintiff was that she had observed some seven or eight vehicles ahead of her coming to a stop so that she had warning of changing traffic conditions. Nevertheless, one of her own witnesses as well as defendant and her passenger, testified that plaintiff told them that she had stopped abruptly. According to defendant's witness, plaintiff came over to their vehicle after the accident and said "I'm sorry that I had to stop so suddenly." In Toff, the court said, at page 414:

"A motorist in the midst of a line of rapidly moving vehicles owes an analogous duty to the car following. The realities of modern expressway travel require no less. He must proceed at a reasonably safe distance behind the vehicle in front of him, that is, a distance which will permit him under the circumstances to avoid a sudden and abrupt stop and a telescopic collision in the rear . . . If he fails to do so, and if this necessitates a sudden stop which contributes to a collision between his and a following vehicle, a jury may properly find him contributorily negligent and bar his recovery in an action against the driver of that vehicle."

If there is any evidence upon the consideration of which reasonable-minded individuals might disagree as to whether or not plaintiff was guilty of negligence which contributed to the accident, then the question of such contributory negligence is for the jury, not for the court, to determine: Heffernan v. Rosser, 419 Pa. 550, 215 A. 2d 655 (1966). Here, the testimony clearly created an issue of the contributory negligence of plaintiff and the charge was proper.

We also reject plaintiffs' argument that the trial judge committed error in allowing cross-examina-

tion of plaintiff and her expert medical witnesses regarding her prior medical history, conditions and injury.

Plaintiff's medical witnesses testified that the physical injury suffered was an extension-flexion injury to the soft muscle tissues. There were no cervical fractures or dislocations. Her claim was that she had been totally disabled as a result of the accident and that her future disability would be at least 25 percent.

There was a considerable amount of testimony demonstrating that plaintiff's conditions included emotional states of nervousness and depression. Plaintiff had a long prior medical history including colitis, four D & C's, a hysterectomy in 1970, gall bladder surgery in 1967, a hemorrhoidectomy in 1969. In view of the conflicting evidence on the force of the impact and the severe consequences which plaintiff claimed resulted, her credibility was at issue and the origin of her emotional difficulties was involved. Accordingly, the evidence of her prior medical history was relevant and was within the scope of cross-examination of her expert medical witness: McCay v. Philadelphia Electric Company, 447 Pa. 490, 291 A. 2d 759 (1972); DeRose v. Metropolitan Life Insurance Company, 132 Pa. Superior Ct. 212, 200 Atl. 888 (1938).

Plaintiff complained about references to a mamoplasty, cosmetic surgery plaintiff underwent shortly before the accident. The first was by her doctor on cross-examination. It followed a considerable history of internal genito-urinary problems and was not otherwise elaborated on. The second was made by one of defendant's witnesses when asked by plaintiff's counsel on cross-examination whether or not she heard a conversation between

plaintiff and defendant after the accident. The witness stated that plaintiff said: "But, of course, I just had breast surgery and I hope it's all right." Plaintiff was not prejudiced by these references.

The verdict was not against the weight of the evidence. There were in this case conflicts of evidence to be resolved by the jury. A new trial will not be granted just because a trial judge on the same facts might have arrived at a different conclusion. We do not conclude here that a new trial is imperative so that right may be given another opportunity to prevail: Burrell v. Philadelphia Electric Co., 438 Pa. 286, 265 A. 2d 516 (1970).

Accordingly, plaintiff's motion for a new trial is denied.