## Ensor v. Slaybaugh

*Brian K. Marshall,* for plaintiff.

*Jeffrey B. Rettig* and *Andrew P. Dollman,* for defendant.

KISTLER, *J.,* August 20, 2009—Presently before this court is a motion for summary judgment brought by Donald R. Staybaugh Jr., defendant. Briefs were submitted to this court in compliance with its order June 10, 2009. A hearing was held on August 17, 2009. After review of the record, parties' briefs and hearing arguments on the matter, defendants' motion for summary judgment is hereby granted.

## PROCEDURAL AND FACTUAL BACKGROUND

Dawnell L. Ensor, plaintiff, commenced this action by filing a writ of summons on February 13, 2008. Plaintiff then filed a complaint on May 14, 2008, naming Donald R. Slaybaugh Jr. and Dorothy J. Engleman as defendants. Defendant Engleman filed preliminary objections on June 19, 2008. Subsequently, plaintiff filed an amended complaint naming Donald R. Slaybaugh and Dorothy J. Engleman as defendants on August 1, 2008.

Litigation has proceeded through discovery and both plaintiff and defendant Engleman were deposed on

March 27, 2009. Additionally, the parties have exchanged interrogatories and requests for production of documents. On June 10, 2009, defendant filed a motion for summary judgment. At the hearing on this motion the following facts were discussed and agreed to by both the parties present.

Plaintiff was waiting for oncoming traffic to clear so that she could make a left-hand turn. Defendant, driving a Pontiac Grand Prix, had come to a complete stop behind her vehicle. Plaintiff was unable to see the grill or headlights of defendant's car and therefore believed that defendant was stopped very close to her car. Plaintiff and defendant remained stopped in this position for approximately one minute. As plaintiff was preparing to make the turn, defendant Engleman impacted the rear of the vehicle driven by defendant. This caused defendant's car to strike the rear of plaintiff's car causing what is known as a telescopic collision.

## DISCUSSION

"Pursuant to Pa.R.C.P. 1035.2(2), a trial court shall enter judgment if, after the completion of discovery, an adverse party who will bear the burden of proof at trial fails to produce 'evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.'" *Cochrane v. Kopko,* 975 A.2d 1203 (Pa. Commw. 2009). In order to establish a cause of action against defendant, plaintiff must show that defendant owed a duty to the plaintiff, the defendant breached that duty and that plaintiff's injuries were caused by the defendant's breach. *McCandless v. Edwards,* 908 A.2d 900 (Pa. Super. 2006). "In making

this assessment, we view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party." *Id.* (citing *Payne v. Commonwealth Department of Corrections,* 582 Pa. 375, 383, 871 A.2d 795, 800 (2005)).

Defendant argues plaintiff has failed to adduce any evidence of defendant breaching any duty owed to the plaintiff or causation as to any injuries that the plaintiff allegedly suffered. Defendant relies on plaintiff's affidavit which states that defendant's vehicle was stopped behind plaintiff's vehicle for approximately one minute before she felt defendant's car strike the rear of her car. Plaintiff asserts that defendant had a duty to stop his car far enough back from plaintiff's car such that if someone collided with the rear of his car, his car would not then strike the rear of plaintiff's car. For purposes of this motion, the court will accept as true that defendant was not stopped at a sufficient distance away from plaintiff's car to prevent a telescopic collision from occurring. Therefore, the only issue is whether a reasonable person, stopped behind another stopped motorist, has a duty to that forward motorist to maintain a sufficient distance such that if his vehicle was struck from behind, his vehicle would not then collide with the vehicle driven by the forward motorist.

In support of imposing such a duty, plaintiff argues that the reasoning and holding in *Toff v. Rohde,* 208 Pa. Super. 411, 222 A.2d 434 (1966), should be applied to the case at bar. This court does not agree. In *Toff,* the plaintiff was driving on the expressway when he suddenly saw a line of cars stopped in the road. Plaintiff applied the brakes and came to a sudden stop behind the

car in front of him. As a result of plaintiff's sudden stop, defendant struck the rear of plaintiff's vehicle, causing plaintiff to collide with the car in front of him. The defendant in that case, the last car in a three-car accident, was denied a contributory negligence charge relating to the plaintiff, the middle car. The *Toff* court held that the defendant, the last car in the collision, was entitled to a contributory negligence charge.

In making this decision, the *Toff* court adopts a duty of care discussed in a factually similar Kentucky appellate case. The *Toff* court adopted the premise that, "A motorist in the midst of a line of rapidly moving vehicles owes an analogous duty to the car following." *Toff v. Rohde,* 208 Pa. Super. 411, 414, 222 A.2d 434, 436 (1966) (citing *Ellis v. McCubbins,* 312 Ky. 837, 229 S.W.2d 992 (1950)). "The realities of modern expressway travel require no less. He must proceed at a reasonably safe distance behind the vehicle ahead of him, that is, a distance which will permit him under the circumstances to avoid a sudden and abrupt stop and a telescopic collision in the rear." *Id.*

This court, however, agrees with the defendant that the *Toff* decision does not apply to the case at bar. The principal difference is that the cars in *Toff* were in motion and the plaintiff, traveling at highway speeds came to an abrupt stop, which prevented the car behind him from having sufficient time to come to a safe stop. In the instant case, the facts are clearly distinguishable as the record shows that the vehicles were stopped for a full minute before the crash occurred. This is a paramount distinction because the duty determined by the Superior Court applies only to "a line of rapidly moving vehicles." This court is unwilling to extend the rationale of *Toff* to ve-

hicles which are at rest. Finally, *Toff* only addresses the duty the middle driver owed to the car that rear-ended him. In the instant case, the issue is what duty the middle driver owes the driver in front of him, not what duty the middle driver owes to the driver of the vehicle behind him. For these reasons, the court rejects defendant's argument that the *Toff* court's decision is controlling in this case.

Plaintiff's remaining argument centers on the general duty of care, that of a reasonable person to protect against any reasonably foreseeable harms which may result from his actions. At the hearing on this issue, the parties had a spirited argument regarding whether the occurrence of the third car colliding into the second car was foreseeable. In Pennsylvania, as well as a majority of the other states, the duty owed to a stranger is limited only to those risks which are reasonably foreseeable under the circumstances of the case. Plaintiff argued that the crash of the last vehicle with that of the middle vehicle was foreseeable and therefore plaintiff had a duty to stop his vehicle far enough back from the first vehicle to prevent a telescopic collision from occurring. In support of his argument, plaintiff's attorney invoked the landmark decision, *Palsgraf v. Long Island Railroad Co.,* 162 N.E. 99 (N.Y. 1928). Plaintiff's attorney compared the facts of *Palsgraf* with that of the facts of the instant case and concluded that if the court in *Palsgraf* could find the chain of events foreseeable, so too could this court. While plaintiff's attorney was correct in his recitation of the facts of *Palsgraf,*[1] he was incorrect in his recollection of the holding

---

1. A man carrying a package jumped aboard a car of a moving train and, seeming unsteady as if about to fall, a guard on the car reached

of the majority, written by Justice Cardozo, which determined that the risk of harm to Mrs. Palsgraf was *not* foreseeable and therefore no duty of care was owed to her.

"The conduct of the defendant's guard, if a wrong in its relation to the holder of the package, was not a wrong in its relation to the plaintiff, standing far away. Relatively to her it was not negligence at all. Nothing in the situation gave notice that the falling package had in it the potency of peril to persons thus removed. Negligence is not actionable unless it involves the invasion of a legally protected interest, the violation of a right. 'Proof of negligence in the air, so to speak, will not do'" *Palsgraf v. Long Island Railroad Co.,* 162 N.E. 99 (N.Y. 1928).

Perhaps plaintiff's attorney was referring to Judge Andrew's dissent in *Palsgraf.* Indeed, tort law today would be remarkably different had Justice Cardozo not won the day. However, the law today follows the wisdom of Justice Cardozo and thus this court must apply the following rationale to the instant case:

"Negligence is not a tort unless it results in the commission of a wrong, and the commission of a wrong imports the violation of a right, in this case, we are told, the right to be protected against interference with one's bodily security. But bodily security is protected, not against all forms of interference or aggression, but only

---

forward to help him in, and another guard on the platform pushed him from behind, during which the package was dislodged and falling upon the rails exploded. The concussion caused scales to fall causing injuries to plaintiff, an intending passenger, who stood on the platform many feet away.

against some. One who seeks redress at law does not make out a cause of action by showing without more that there has been damage to his person. If the harm was not willful, he must show that the act as to him had possibilities of danger so many and apparent as to entitle him to be protected against the doing of it though the harm was unintended." *Palsgraf v. Long Island Railroad Co.,* 162 N.E. 99 (N.Y. 1928).

In the case at bar, it is agreed by the parties that plaintiff and defendant's vehicles were stopped on a flat road for a period of approximately one minute. For purposes of this summary judgment motion, the court accepts as true that defendant's car was very close to plaintiff's car. However, defendant committed no wrong by bringing his car to a stop immediately behind plaintiff's car.[2] Unlike in *Toff,* there was no vehicle traveling behind defendant's car when he brought it to a stop. Defendant's action certainly does not possess "possibilities of danger so many and apparent" to entitle plaintiff protection and recovery under the laws of this Commonwealth. For these reasons, defendant's motion for summary judgment is hereby granted.

## ORDER

And now, August 20, 2009, defendant's motion for summary judgment is hereby granted.

---

2. The court finds plaintiff's "driver's education" argument unconvincing.